## SUPREME COURT.

CATHARINE WALDELE, administratrix, &c., agt. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

*Evidence — Dying declarations, in civil cases, not to be regarded as testimony unless taken under oath.*

Dying declarations have no weight as testimony in civil cases unless made under oath, whereas in murder trials the words spoken by the victim before expiring carry conviction with them.

On the trial of an action brought by plaintiff against the railroad company for damages for the killing of her son, evidence of declarations of the deceased, narrating the circumstances under which the accident occurred, was admitted:

*Held,* that such declarations were merely hearsay and not admissible in evidence.

*Monroe Special Term, May,* 1881.

MOTION by defendant for a new trial on case and exceptions.

*Mr. Harris,* for motion.

*Mr. Oliver,* opposed.

DWIGHT, J. — This motion is heard by me for the reason that the justice before whom the action was tried has since gone out of office. The exception, which I regard as necessarily decisive of the motion, was taken by the defendant to the admission of evidence of declarations of the deceased, narrating the circumstances under which the accident occurred. This ruling, I think, was error. It was made, and it is sought to sustain it on the authority of the *Travelers' Insurance Company* agt. *Mosely* (8 *Wall.*, 379); but it seems to me clear that the application of the authority cited involved a misapprehension of its doctrine. The declaration in that

case was admitted as part of the *res gestæ*.  The *res* was the dying or suffering condition of the subject of the insurance, and the declarations were admitted as characterizing and describing that condition.  He was found on the ground at the foot of a staircase.  The declaration received was to the effect that he had fallen down the stairs.  It is true the sufferer went further and stated for what purpose he was on the stairs, but that portion of the declaration was wholly immaterial, was not to the prejudice of the defendant, and was not the subject of discussion in the case.  The declaration as to the cause of the injury was held admissible only as a statement by the patient in the nature of a disclosure of his symptoms.

A man is found in an injured and suffering condition ; he states to his physician, or whomsoever comes to his succor, how he is suffering, what his injuries are, and, as part of such descriptive statement, he tells how the injury was received. So far the statement relates to his present, his actual, condition.  It is calculated to aid in the choice of treatment to be applied for his relief or cure.  An examination of the patient's condition involves the query, " How did the condition arise ? " Did he fall in a fit ?  Was he shot or stabbed ?  Or was he struck down by a blow ?  Therefore the statement that he had fallen down stairs was a part of the *res gestæ*.

Such a declaration is admissible in evidence only as descriptive of present condition, not as narrative of past conduct or events.

And this is clearly the doctrine of the case cited.  The court in that case carefully discriminates between declarations which are descriptive and those which are merely narrative.

The same discrimination applied to the case at the bar would have admitted the declaration of the deceased that he had been run down by the cars ; it would have been descriptive of his existing injury, and explanatory of his present condition.  But a statement of how he came upon the track, as that he waited for a long train to pass, that he looked both

Waldele agt. New York Central and Hudson River R. R. Co.

ways and did not see the engine by which he was struck, was purely narrative — it related not to his existing condition, but to his past conduct. The propriety of this distinction is most clearly manifest when we observe that the two classes of declarations apply severally to two distinct issues involved in the action; the one, that of the agency of the defendant in causing the death complained of; the other, that of negligence on the part of the deceased contributing to that result.

The first of these issues involved an inquiry as to the nature and effect of his injuries, and the declaration that he had been struck by the cars, while it bore upon that issue, was admissible only because descriptive of the condition of injury existing at the time the declaration was made.

On the other hand, the issue of contributory negligence involved only his conduct in the past, which in no way affected his present condition. His sufferings were no more or less severe, his injuries no more or less serious or likely to prove mortal, whether he went upon the track with his eyes shut, or exercising all his faculties to avoid the collision.

His declaration bearing upon that issue was therefore merely hearsay and not admissible in evidence.

The case in *Wallace* affords no warrant for the admission of such declarations, and if any of the cases which profess to follow that decision go to such length, it has been, as I judge, in excess of the plain doctrine of that case and in contravention of the principles upon which it is based.

For the errors indicated a new trial should be granted in this case.